```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
NATHANIEL PARKS,                    :
                                    :
          Petitioner,               :    Civ. No. 22-4305 (NLH)
                                    :
    v.                              :    OPINION
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF NEW JERSEY,                :
                                    :
          Respondent.               :
_____ :

APPEARANCES:

Nathaniel Parks
P.O. Box 1685
Pleasantville, NJ 08232

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Nathaniel Parks filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner will be ordered to show cause why the petition should not be dismissed for lack of jurisdiction or as moot.

I. BACKGROUND

    Petitioner alleges he did not receive appropriate credit for his time in prison during the COVID-19 pandemic:

> I was in custody of the department of corrections from Feb 26th 2020 until March 1st, 2021. It was during the COVID-19 pandemic and the public health emergency credit to my sentence once I became a year short August 2nd 2022.

ECF No. 1 at 5. Petitioner states he did not file any challenge to this decision in the state courts. Id. at 6. He asks the Court to grant him "compensation for the extra time [he] spent in prison past max." Id. at 15.

II. STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

> Section 2254(a) of Title 28 provides in relevant part:
>
> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." 28 U.S.C. § 2254 Rule 4.

2

III. DISCUSSION

Petitioner filed a habeas corpus petition challenging the lack of credits to his sentence under 28 U.S.C. § 2241 on December 6, 2021. Nathaniel Parks v. New Jersey Dep't of Corr., No. 21-20362. At that time, Petitioner was confined in South Woods State Prison in Bridgeton, New Jersey. The Court dismissed the § 2241 petition for lack of jurisdiction. "Petitioner is a convicted and sentenced state prisoner challenging the calculation of his state sentence; this claim must be filed under § 2254." Nathaniel Parks v. New Jersey Dep't of Corr., No. 21-20362, 2022 WL 1058371, at *1 (D.N.J. Apr. 8, 2022). See also McKnight v. United States, 27 F. Supp. 3d 575, 579 (D.N.J. 2014) ("Section 2254 supplies federal jurisdiction over habeas petitions filed by the inmates challenging their state convictions or sentences, or the execution of those state sentences, including the issues of parole, term calculation, etc.").

The Court declined to convert the § 2241 petition into a § 2254 action due to the limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244, but directed the Clerk to provide Petitioner with a blank form for § 2254 petitions for him to resubmit if he so chose. Parks, 2022 WL 1058371, at *2. "The Court makes no findings as to whether

Petitioner has otherwise satisfied § 2254's filing requirements."  Id. at *2 n.2.

Petitioner now seeks relief under § 2254.  "The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a 'person in custody pursuant to the judgment of a State court.'"  U. S. ex rel. Dessus v. Com. of Pa., 452 F.2d 557, 560 (3d Cir. 1971) (quoting 28 U.S.C. § 2254).  "The jurisdictional requirement has two components — 'custody' that arises 'pursuant to the judgment of a state court' that is under attack."  Piasecki v. Ct. of Common Pleas, Bucks Cnty., PA, 917 F.3d 161, 166 (3d Cir. 2019) (quoting 28 U.S.C. § 2254(a)).  "Put differently, the habeas jurisdictional provision requires that the petitioner be subject to a 'non-negligible restraint on physical liberty' that is a 'direct consequence of [the] conviction' being challenged."  Id. (quoting Stanbridge v. Scott, 791 F.3d 715, 719 (7th Cir. 2015) (alteration in original)).

The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998); Government of Virgin Islands v. Vanterpool, 767 F.3d 157, 163-64 (3d Cir.

4

2014). According to the New Jersey Department of Corrections' website, Petitioner was released from state prison on June 21, 2022. Offender Search Form, available at https://www20.state.nj.us/DOC_Inmate/inmatesearch.jsp (last visited July 28, 2022). He submitted his § 2254 petition on June 27, 2022, after his release. ECF No. 1 at 15.

However, the "jurisdictional 'custody' requirement can be satisfied by restrictions other than physical confinement." Piasecki, 917 F.3d at 168. "[F]or the purposes of habeas jurisdiction, a petitioner is 'in custody' if he or she files while subject to significant restraints on liberty that are not otherwise experienced by the general public." Petitioner shall file a statement that supports a finding that he was "in custody" at the time he filed his § 2254 petition.

Petitioner shall also show cause why his petition is not moot. Petitioner is not challenging the validity of his conviction, which would satisfy the constitutional requirement of a case or controversy. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citing U.S. Const. art. III, § 2). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole — some 'collateral consequence' of the conviction — must exist if the suit is to be maintained." Id. "It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a

5

case dismissed as moot." DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005) (citing United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002)).[1]

IV. CONCLUSION

Petitioner shall submit arguments within 45 days of this Order addressing § 2254's "in custody" requirement and whether his petition is rendered moot by his release from prison.

An appropriate order will be entered.


Dated: August 8, 2022            s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court notes that Petitioner may not be compensated for excess prison time in a habeas corpus action.

6