```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
NATHANIEL PARKS,                    :
                                    :
          Petitioner,               :    Civ. No. 22-4305 (NLH)
                                    :
     v.                             :    OPINION
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF NEW JERSEY,                :
                                    :
          Respondent.               :
_____:

APPEARANCE:

Nathaniel Parks
P.O. Box 1685
Pleasantville, NJ 08232

   Petitioner Pro se

HILLMAN, District Judge

   Petitioner Nathaniel Parks filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On August 8, 2022, the Court ordered Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction or as moot. ECF No. 5. The time to file a response expired on September 22, 2022; Petitioner has not submitted any response. For the reasons stated below, the Court will dismiss the petition as moot.

I.  BACKGROUND

Petitioner's § 2254 petition alleges that he did not receive appropriate credit for his time in prison during the COVID-19 pandemic:

> I was in custody of the department of corrections from Feb 26th 2020 until March 1st, 2021.  It was during the COVID-19 pandemic and the public health emergency credit to my sentence once I became a year short August 2nd 2022.

ECF No. 1 at 5.  Petitioner states he did not file any challenge to this decision in the state courts.  Id. at 6.  He asks the Court to grant him "compensation for the extra time [he] spent in prison past max." Id. at 15.

II. STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."  28 U.S.C. § 2254 Rule 4.

III. DISCUSSION

Petitioner filed a habeas corpus petition challenging the lack of credits to his sentence under 28 U.S.C. § 2241 on December 6, 2021.  Nathaniel Parks v. New Jersey Dep't of Corr., No. 21-20362.  At that time, Petitioner was confined in South Woods State Prison in Bridgeton, New Jersey.  The Court dismissed the § 2241 petition for lack of jurisdiction. "Petitioner is a convicted and sentenced state prisoner challenging the calculation of his state sentence; this claim must be filed under § 2254."  Nathaniel Parks v. New Jersey Dep't of Corr., No. 21-20362, 2022 WL 1058371, at *1 (D.N.J. Apr. 8, 2022).  See also McKnight v. United States, 27 F. Supp. 3d 575, 579 (D.N.J. 2014) ("Section 2254 supplies federal jurisdiction over habeas petitions filed by the inmates challenging their state convictions or sentences, or the execution of those state sentences, including the issues of parole, term calculation, etc.").

3

The Court declined to convert the § 2241 petition into a § 2254 action due to the limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244, but directed the Clerk to provide Petitioner with a blank form for § 2254 petitions for him to resubmit if he so chose. Parks, 2022 WL 1058371, at *2. "The Court makes no findings as to whether Petitioner has otherwise satisfied § 2254's filing requirements." Id. at *2 n.2.

Petitioner submitted this § 2254 petition on June 28, 2022. ECF No. 1. "The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a 'person in custody pursuant to the judgment of a State court.'" U. S. ex rel. Dessus v. Com. of Pa., 452 F.2d 557, 560 (3d Cir. 1971) (quoting 28 U.S.C. § 2254). "The jurisdictional requirement has two components — 'custody' that arises 'pursuant to the judgment of a state court' that is under attack." Piasecki v. Ct. of Common Pleas, Bucks Cnty., PA, 917 F.3d 161, 166 (3d Cir. 2019) (quoting 28 U.S.C. § 2254(a)). "Put differently, the habeas jurisdictional provision requires that the petitioner be subject to a 'non-negligible restraint on physical liberty' that is a 'direct consequence of [the] conviction' being challenged." Id. (quoting Stanbridge v. Scott, 791 F.3d 715, 719 (7th Cir. 2015) (alteration in original)).

4

For this Court to have jurisdiction under § 2254, Petitioner must have been "'in custody' under the conviction or sentence under attack at the time his petition [was] filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998); Government of Virgin Islands v. Vanterpool, 767 F.3d 157, 163-64 (3d Cir. 2014).  According to the New Jersey Department of Corrections' website, Petitioner was released from state prison on June 21, 2022.  Offender Search Form, available at https://www20.state.nj.us/DOC_Inmate/inmatesearch.jsp (last visited Sept. 28, 2022).  He submitted his § 2254 petition on June 27, 2022, after his release.  ECF No. 1 at 15.

However, the "jurisdictional 'custody' requirement can be satisfied by restrictions other than physical confinement." Piasecki, 917 F.3d at 168.  "[F]or the purposes of habeas jurisdiction, a petitioner is 'in custody' if he or she files while subject to significant restraints on liberty that are not otherwise experienced by the general public."  The Court ordered Petitioner to file a statement that would support a finding that he was "in custody" at the time he filed his § 2254 petition. ECF No. 5.  Petitioner did not respond.

Based on the information available to the Court, it is plausible that Petitioner is still "in custody" for purposes of § 2254.  Petitioner states he received a "5 with a 1" sentence

5

in February 2020.  ECF No. 1 at 1.  The Court cannot rule out the possibility that Petitioner was on some form of supervised release or parole when he filed his § 2254 petition.  Therefore, the Court presumes that Petitioner would satisfy § 2254's "in custody" requirement.  "The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution."  Spencer, 523 U.S. at 7.

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)).  "This general principle derives from the case or controversy requirement of Article III of the Constitution, which 'subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit.'"  Id. (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)) (omission in original).

A challenge to the validity of a state conviction "always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction

6

and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7. "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole — some 'collateral consequence' of the conviction — must exist if the suit is to be maintained." Id. "It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot." DeFoy, 393 F.3d at 442 n.3 (citing United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002)).

Petitioner is not challenging the validity of his conviction. He argues that he did not receive public health emergency credits, allegedly resulting in a later release date from prison. "The reincarceration that he incurred as a result of that action is now over, and cannot be undone." Spencer, 523 U.S. at 8. "The Supreme Court has held that the length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" DeFoy, 393 F.3d at 442 n.3 (citing United States v. Johnson, 529 U.S. 53, 60 (2000)). The Court can offer Petitioner no further remedy under § 2254.[1] Accordingly, the Court will dismiss the petition as moot.

---

[1] Damages for excess prison time are not available in a habeas corpus action. See Spencer, 523 U.S. at 17. The Court will direct the Clerk to mail Petitioner a Procedural Guide for Pro Se Litigants for his reference in the event he intended to pursue a civil rights complaint.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. 473, 484 (2000).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as moot is correct.

IV. CONCLUSION

The Court will dismiss the § 2254 petition as moot.  No certificate of appealability shall issue.

An appropriate order will be entered.


Dated: October 5, 2022          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

8